IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **RIGOBERTO T. CHUB CUC,** § § | |
| Petitioner, § § | |
| v. § | CAUSE NO. EP-26-CV-683-KC |
| § | |
| **WARDEN ERO EL PASO CAMP** § | |
| **EAST MONTANA FACILITY et al.,** § § | |
| Respondents. § | |

## ORDER

On this day, the Court considered the case. Eugenia Cuc Caal filed a Petition for Writ of Habeas Corpus, ECF No. 1, on behalf of Rigoberto T. Chub Cuc.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. But "[c]ourts do not automatically grant 'next friend' status under § 2242 to anyone that seeks to pursue an action on behalf of a petitioner." *Romanov ex rel. Romanova v. Frink*, No. 25-cv-3133, 2025 WL 2162290, at *2 (S.D. Tex. July 30, 2025) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)). To proceed as "next friend" the individual must establish: (1) "an adequate explanation such as inaccessibility, mental incompetence, or other disability of why the real party in interest cannot appear on his own behalf" and (2) that the "next friend" is "truly dedicated to the best interests of the person" and has "some significant relationship with the real party in interest." *Page v. Hogans*, No. 15-cv-597, 2017 WL 11810133, at *1–2 (S.D. Miss. Sept. 5, 2017).

Here, it is not apparent that Cuc Caal meets either requirement. First, Cuc Caal does not explain why Chub Cuc cannot file a petition for a writ of habeas corpus on his own behalf. She

states that Chub Cuc "is held incommunicado at ERO El Paso Camp East Montana, denied access to writing materials and legal documents" and thus has "no access to the court system." Pet. ¶ 14.  But the Court receives many pro se petitions filed by detainees at the same facility where Chub Cuc is held in custody, so his detention status, in and of itself, does not suffice to justify the need to proceed through a next friend.  As for the second requirement, Cuc Caal neither explains the nature of her relationship with Chub Cuc nor demonstrates her dedication to his best interests.  *See generally id.*

The Court thus exercises its discretion to order a supplemental filing to determine whether Cuc Caal may proceed as "next friend" on behalf of Chub Cuc.  *See Lonchar v. Thomas*, 517 U.S. 314, 325 (1996) (quoting Habeas Rule 4 and citing Habeas Rule 7) (recognizing that district courts have "ample" discretion to "take such other action as the judge deems appropriate" and to "order expansion of the record").

Separately, the allegations in the Petition are lacking.  The Petition states that, on July 24, 2024, Chub Cuc was arrested by a state trooper and has been in immigration detention since. Pet. ¶ 13.  However, it fails to state the date on which Chub Cuc first entered the country and whether he has ever previously been detained and released by immigration authorities.  *See generally id.*  The Petition also states that Chub Cuc was denied bond on February 24, 2026, but does not provide the basis of the bond denial.  *See id.* ¶ 13.

Accordingly, the Court **ORDERS** that, <u>**by no later than March 31, 2026**</u>, either:

(1) Cuc Caal must **FILE** written notice detailing (1) her relationship to Chub Cuc and why she is dedicated to his best interests, (2) why Chub Cuc cannot proceed with this petition for a writ of habeas corpus on his own behalf, (3) the date on which he first entered the United States, (4) whether he has ever previously been detained and

2

released by immigration authorities, and (5) the basis for the February 24, 2026, bond denial; or

(2) Chub Cuc must **FILE** written notice expressing his intent to proceed with this petition on his own behalf, and explain (1) the date on which he first entered the United States, (2) whether he has ever previously been detained and released by immigration authorities, and (3) the basis for the February 24, 2026, bond denial.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send this Order to both Cuc Caal and Chub Cuc via certified mail at the following addresses:

Eugenia Cuc Caal
2907 NW 9th Place
Fort Lauderdale, FL 33311

Rigoberto T. Chub Cuc
A-226-018-527
El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

**SO ORDERED**.

**SIGNED this 10th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE